[Docket No. 49]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NANCY GILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE<br>CORPORATION, et al.,<br><br>　　　　　Defendants. | Civil No. 23-2221<br>(RMB/MJS)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

**THIS MATTER** comes before the Court upon the Motion for Summary Judgment [Docket No. 49] by Defendant Costco Wholesale Corporation (the "Defendant" or "Costco").

Plaintiff Nancy Gilbert (the "Plaintiff") alleges that she tripped and fell on a wooden pallet that was at least partially empty while shopping for paper products in a Costco warehouse store located in Mount Laurel, New Jersey. As a result of her fall, Plaintiff claims that she sustained serious injuries, including a broken shoulder, which severely limited her ability to work. Plaintiff asserts a claim for negligence under New Jersey law against Defendant. Defendant has moved for summary judgment. Plaintiff has opposed the motion, and Defendant has submitted a reply in further support of its motion. The Motion for Summary Judgment is now ripe for this Court's adjudication.

## I. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In determining whether a genuine dispute of material fact exists, "all evidence is viewed in the light most favorable to the non-moving party and 'all justifiable inferences are to be drawn in [her] favor.'" *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 220 (3d Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).[1] The threshold inquiry is "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine

---

[1] A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Id.* Nor will a "mere scintilla of evidence." *Id.* at 252.

issue for trial.'" *Anderson*, 477 U.S. at 250 (citing FED. R. CIV. P. 56(e)). The nonmovant's burden is rigorous. The nonmovant "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *accord Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010) (citing *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment.")). If the nonmoving party "'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial,' then summary judgment is appropriate for the moving party." *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (quoting *Celotex*, 477 U.S. at 322).

## II. DISCUSSION

To prevail on her negligence claim under New Jersey law, Plaintiff must establish that (1) Defendant owed her a duty of care; (2) Defendant breached that duty; (3) Defendant's breach proximately caused her injury; and (4) damages. *Snead v. Bally's Casino*, 700 F. Supp. 3d 203, 220 (D.N.J. 2023) (citing *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015)). "Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation. . . . The duty of due care requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to

avoid creating conditions that would render the premises unsafe." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003) (internal citations omitted).

Defendant contends it owed no duty of care to Plaintiff because any hazard presented by the wooden pallet was open, obvious, and known to the Plaintiff. Defendant relies primarily upon store security footage of the incident and Plaintiff's deposition testimony. According to Defendant, Plaintiff admitted in her deposition testimony that she was aware of the pallet, that she was not paying attention to where she was walking, and that she could have easily walked around the pallet and avoided it all together. [Def.'s Br. at 7, 10–11 (Docket No. 49-6).]

Plaintiff responds that "the open and obvious nature of a condition is not dispositive and does not relieve a property owner from its duty to maintain their premises in a reasonably safe condition." [Pl.'s Opp'n at 1 (Docket No. 52).] Instead, it is but "one factor in a broader negligence analysis that requires a factfinder to consider the foreseeability of the harm, the nature of the risk and the totality of the circumstances surrounding the condition." [*Id.*] She is correct.

Plaintiff's case does not rise or fall purely on whether the pallet was open and obvious to her. As explained by the Third Circuit Court of Appeals, "New Jersey applies § 343A of the Restatement, which elaborates that '[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*.'" *Antonio v. Harrah's Atl. City Propco, LLC*, 847 F. App'x 126, 129 (3d Cir. 2021) (emphasis in original) (quoting Restatement

(Second) of Torts § 343A (1965)) (reversing grant of summary judgment where district court held that defendant did not owe plaintiff a duty because the harm posed should have been obvious to her).  And even if Plaintiff was aware of the pallet, she "may still recover if the circumstances or conditions are such that [her] attention would be distracted so that the plaintiff would not realize or would forget the location or existence of the hazard or would fail to protect against it."  New Jersey Model Jury Charges (Civil), 5.20F(12)(c).[2]

Plaintiff also contends that, regardless of whether she initially saw the empty wooden pallet, she could not see it or appreciate the hazard it posed while she was returning to her shopping cart carrying a large package of paper towels.[3]  Plaintiff also contests Defendant's representation of the layout of the products and pallets she encountered.  For example, she testified at length in her deposition that the pallet with her desired product was empty – at least in the area closest to her, as confirmed by

---

[2]     The jury may also consider the obvious nature of the hazard in determining whether Plaintiff was comparatively negligent. *See Gabriel v. Safeway, Inc.*, 2011 WL 5864033, at *11 (D.N.J. Nov. 21, 2011) ("[T]he degree of her negligence when compared with the Defendants' negligence is a disputed issue of fact and a question for a jury[,]" given that "[e]veryday experience teaches that it may, or may not, be negligent to walk through, or attempt to step past some hazard in the pathway."); New Jersey Model Jury Charges (Civil), 5.20F(12)(a) ("If you find that defendant was negligent in maintaining an unsafe condition, even though the condition would be obvious to an invitee, the fact that the condition was obvious should be considered by you in determining whether the invitee was comparatively negligent.").

[3]     According to Plaintiff, she was shopping for paper towels.  Defendant squabbles with this, insisting that it was in fact toilet paper.  This dispute of fact is entirely immaterial to the parties' dispute.  For simplicity's sake, the Court refers to paper towels.

5

contemporaneous photographs – which required her to maneuver through a narrow passageway between two pallets.[4] In doing so, she was focused on walking safely between the pallets to her shopping cart while carrying a large package of paper towels. And because of the large package in her hands, she could not see the empty corner of the pallet below her and tripped on it.[5]

Clearly, genuine disputes of material fact remain in this case regarding Plaintiff's awareness not only of the existence of the partially empty wooden pallet at the time of her fall, but also the danger posed by that pallet. And there are genuine disputes of material fact as to whether Plaintiff was distracted or otherwise unable to appreciate the tripping hazard presented by the pallet while returning to her shopping cart. What's more, there are genuine disputes of material fact as to the layout and condition of the pallets and whether that layout created a foreseeable risk of injury, regardless of whether Plaintiff had at some point observed the pallet. These issues of fact shall be resolved by a jury at trial, not this Court.

---

[4] The Court finds that the security footage provided by Defendant neither confirms nor refutes her account, given the poor video quality and the limited angle visible in the video, which does not clearly show the area in which Plaintiff was walking.

[5] Plaintiff has also submitted an engineer inspection report from Robert Bertman, regarding Defendant's alleged non-compliance with industry standards and best practices. [Bertman Report, Tucker Decl. Ex. B (Docket No. 52-3).] Well after the briefing on the instant motion was complete, Defendant moved to exclude Mr. Bertman's report and testimony [Docket No. 57]. The Court does not address the admissibility of the inspection report at this time and has not considered the inspection report in resolving the summary judgment motion.

**ACCORDINGLY, IT IS HEREBY**, on this **5th** day of **December 2025**,

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 49] is **DENIED**; and it is finally

**ORDERED** that the parties shall be prepared to proceed to trial in this matter in March 2026; once the matter has been pre-tried and a trial date has been set, the Court will schedule an in-person *Daubert* hearing on Defendant's Motion to Bar the Report and Testimony of Plaintiff's Liability Expert Robert Bertman [Docket No. 57].

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge
